

FILED
LUCAS COUNTY

2014 MAY -9 P 3 30

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

IN THE COMMON PLEAS COURT OF LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| STEVEN PASSANANTE<br>118 Sandbury<br>Holland, OH 43528 | )<br>)<br>) | C G-4801-CI-0201402418-000<br>Judge<br>JUDGE LINDA J JENNINGS |
| and | ) | J |
| JO ELLEN PASSANANTE<br>118 Sandbury<br>Holland, OH 43528 | )<br>)<br>) | **COMPLAINT WITH JURY DEMAND**<br>**ENDORSED HEREON** |
| Plaintiffs, | ) | |
| vs. | ) | Brian J. Hoch (0026068)<br>MILLER, HOCH & CARR, LLP |
| EURO-PRO OPERATING LLC<br>180 Wells Ave.<br>Newton, MA 02459 | )<br>)<br>) | 1446 Reynolds Road, Suite 220<br>Maumee, Ohio 43537<br>Telephone – (419) 865-8021<br>FAX – (419) 865-9105 |
| Also serve:<br>EURO-PRO OPERATING LLC<br>c/o Statutory Agent<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange St.<br>Wilmington, DE 19801 | )<br>)<br>)<br>)<br>) | e-mail: bhoch@maumeelaw.com<br>Attorney for Plaintiffs |
| and | ) | |
| EURO-PRO SALES COMPANY<br>180 Wells Ave.<br>Newton, MA 02459 | )<br>)<br>) | |
| Also serve:<br>EURO-PRO SALES COMPANY<br>c/o Statutory Agent | )<br>) | |

1



EXHIBIT A

| | |
|---|---|
| CT Corporation System<br>1300 East 9th St.<br>Cleveland, OH 44114 | )<br>)<br>) |
| and | )<br>) |
| TARGET CORPORATION<br>c/o Statutory Agent<br>CT Corporation System<br>1300 E. Ninth St.<br>Cleveland, OH 44114 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| JOHN DOE MANUFACTURER<br>(Address currently unknown) | )<br>) |
| and | )<br>) |
| JOHN DOE DISTRIBUTOR<br>(Address currently unknown) | )<br>)<br>) |
| Defendants. | |

NOW COME the Plaintiffs and for their Complaint state as follows:

## JURISDICTION

1. At all times relevant to this Complaint, Plaintiffs Steven Passanante and Jo Ellen Passanante were husband and wife residing in the City of Holland, Lucas County, Ohio.

2. At all times pertinent hereto, Defendant Euro-Pro Operating LLC, is and was a Delaware corporation whose principal place of business is located in Newton, MA, which regularly transacts business in the State of Ohio. At all times pertinent hereto, Defendant Euro-Pro Sales Company is and was a Delaware

2

corporation whose principal place of business is located in Newton, MA, which regularly transacts business in the State of Ohio. Defendant, John Doe Distributor is also a corporation who operates in connection with the business entities previously stated in this paragraph for the distribution of the product addressed in this Complaint. Hereinafter, the Defendants Euro-Pro Operating LLC, Euro-Pro Sales Company, and John Doe Distributor shall be collectively referred to as "Euro-Pro."

3. At all times pertinent hereto, Defendant John Doe Manufacturer is a foreign manufacturer which manufactures the product identified in this Complaint at the direction of Euro-Pro. By virtue of the Euro-Pro distribution system, John Doe Manufacturer regularly supplies products which are sold in the State of Ohio.

4. At all times pertinent hereto, the Defendant Target Corporation is and was a Minnesota corporation whose principal place of business is in Minneapolis, MN. Defendant Target Corporation regularly transacts business in the State of Ohio.

5. At all times pertinent hereto, the Plaintiff Steven Passanante was the owner of a certain blender, a Ninja NJ600 30 Professional Blender, purchased from the Defendant Target Corporation on or about April 2, 2012. Hereinafter this blender shall be referred to as "the Blender." Plaintiff Steven Passanante is a "Claimant" within the meaning of Ohio Revised Code § 2307.71(A)(1).

FIRST CAUSE OF ACTION

6. Plaintiffs hereby fully restate and aver the matters set forth in paragraphs 1 through 5 as if fully rewritten herein and further state as follows:

3

7. The Defendants Euro-Pro and John Doe Manufacturer are manufacturers as defined in Ohio Revised Code § 2307.71(A)(9), which designed, produced, created, made, constructed, manufactured and/or assembled the Blender.

8. As will be enumerated in this Complaint, the Blender was:

   a. Defective in manufacture, pursuant to Ohio Revised Code § 2307.74;

   b. Defective in design, pursuant to Ohio Revised Code § 2307.75;

   c. Defective by reason of a failure by Defendants Euro-Pro and John Doe Manufacturer to provide an adequate warning or instruction pursuant to the provisions of Ohio Revised Code § 2307.76; and

   d. Defective because it did not conform with representations made by Defendants Euro-Pro and John Doe Manufacturer with respect to its character, quality or safety pursuant the provisions of Ohio Revised Code § 2307.77.

   As such, Defendants Euro-Pro and John Doe Manufacturer are subject to liability for compensatory damages pursuant to Ohio Revised Code § 2307.73.

9. Alternatively, Plaintiffs state that Defendants Euro-Pro are "Suppliers" within the meaning of Ohio Revised Code § 2307.71(15)(a) as they have placed the Blender in the stream of commerce by either selling it or distributing it.

10. Defendants Euro-Pro as suppliers are subject to liability and damages for Plaintiff's injuries pursuant to Ohio Revised Code § 2307.78 for the reason that:

   a. Defendants Euro-Pro were negligent in the sale and distribution of the Blender, which negligence proximately caused harm to Plaintiffs. Defendants Euro-Pro are specifically negligent in marketing the Blender with the knowledge that its design was causing multiple consumer injuries. Further, Defendant Euro-

4

Pro produced and disseminated the instructional material and warning pertaining to the Blender which failed to warn of the risks and dangers stated in this Complaint, inconsistent with the requirements of Ohio Revised Code § 2307.76.

    b. The Blender did not conform to a representation of the suppliers when it left their control and that representation was the proximate cause of Plaintiff's injuries.

    c. Defendants Euro-Pro are further liable to Plaintiffs as if they were the manufacturer of the Blender under Ohio Revised Code Sections 2307.71 to 2307.77 because either: 1) the manufacturer of the product is not subject to judicial process in Ohio; 2) Plaintiffs will be unable to enforce a judgment against the manufacturer due to actual or asserted insolvency of the manufacturer; 3) the suppliers own in whole or in part the manufacturer of the Blender; 4) the suppliers created or furnished the manufacturer with the design used to produce, create, make, construct, or assemble the Blender or a component thereof; 5) the suppliers failed to maintain the Blender once in its possession or modified it making it defective; or 6) the suppliers in question marketed the product under its own label or trade name.

11. On May 10, 2012, Plaintiff Steven Passanante was operating the Blender at his home located in Holland, Lucas County, Ohio, to make himself and his son a non-alcoholic smoothie.

12. The beaker to the Blender contains a spindle with razor sharp blades which operate to liquefy food product within the Blender. The removable spindle sits on a gear which is held in place within the pitcher by a lid. Plaintiff Steven Passanante

5

removed the lid to the pitcher to make pouring easier with the result that the spindle tumbled out, fell downward, and severed the tendons in his left foot.

13. Plaintiffs state that the Blender was and is defective because either no locking system was in place for the spindle and/or the locking system failed to hold the spindle when the Plaintiff Steven Passanante was using the Blender. Plaintiffs further state that the design of the Blender is defective as Plaintiff's injuries occurred in the normal, expected and foreseeable use of the product. Further, Defendant Euro-Pro's literature and instruction failed to warn Plaintiffs about the risks associated with removing the lid before pouring out the contents of the Blender.

14. As a direct and proximate result of the defective condition and the failure to warn of the Blender, the Plaintiff Steven Passanante suffered severed tendons to his left foot, which injuries required two surgeries. All of Plaintiff Steven Passanante's injuries, damages and losses are a direct and proximate result of the defective condition of the Blender as described above. Plaintiffs state that Plaintiff Steven Passanante's injuries are of a permanent nature.

15. As a further direct and proximate result of the defective condition of the Blender and the injuries sustained by Plaintiff Steven Passanante as a direct and proximate result thereof, Plaintiff Steven Passanante has been hospitalized and has incurred medical expenses in excess of $14,500.00 and has lost wages in a sum in excess of $12,000.00.

16. As a further direct and proximate result of the defective condition of the Blender, Plaintiff Steven Passanante states that he will continue to suffer physical discomfort, mental pain, suffering and anguish.

## SECOND CAUSE OF ACTION

17. Plaintiffs hereby fully restate and aver the matters set forth in paragraphs 1 through 16 as if fully rewritten herein and further state as follows:

18. Defendants Euro-Pro and John Doe Manufacturer negligently designed, constructed, assembled, marketed and sold the Blender.

19. As a direct and proximate result of said Defendants Euro-Pro and John Doe Manufacturer's negligence by way of a failure to exercise ordinary care in the design, construction, assembly, marketing and sale of the subject Blender, and as a further direct and proximate result of said Defendants' failure to provide adequate warning or instruction to potential purchasers of said Blender, both before and after the sale of the Blender to Plaintiff Steve Passanante, Plaintiff Passanante has suffered the injuries, damages, and losses set forth here and above.

## THIRD CAUSE OF ACTION

20. Plaintiffs hereby fully restate and aver the matters set forth in paragraphs 1 through 19 as if fully rewritten herein and further state as follows:

21. The Defendant Target Corporation was the seller of the Blender in question to the Plaintiff Steven Passanante. Plaintiffs have reason to believe that there have been multiple accidents concerning the use and operation of Defendant's Euro-Pro

blenders and Defendant Target Corporation knew or should have known of the dangerous propensity of said blenders to harm consumers when using the product.

22. Defendant Target Corporation, despite having knowledge as to the injuries caused by the Defendant Euro-Pro Blenders, has continued to market the blenders to consumers such as the Plaintiff Steven Passanante, which is negligent as there has been a failure exercise ordinary care by these Defendants to sell products which are not injurious to consumers such as the Plaintiff Steven Passanante. Further, Defendant Target Corporation has failed to provide adequate warnings or instruction to potential purchasers of products such as the Blender sold by the Defendants Euro-Pro.

23. As a direct and proximate result of the Defendant Target Corporation's negligence as described above, Plaintiff Steven Passanante has suffered the injuries, damages and losses as set forth herein above.

24. Due to Defendant Target Corporation's negligence as described above, it is also liable to Plaintiffs as a "Supplier" [ORC§2307.71(A)(15)(a)] under Ohio Revised Code § 2307.78(A) and/or the reasons enumerated under the Ohio Revised Code § 2307.78(B) (1 through 8), specifically either: 1) the manufacture of the Blender is not subject to judicial process in this state; 2) Plaintiff will be unable to enforce a judgment against the manufacturer of the Blender due to actual or asserted insolvency of the manufacturer; and 3) the supplier altered, modified or failed to maintain the Blender once in its possession.

## FOURTH CAUSE OF ACTION

25. Plaintiffs hereby fully restate and aver the matters set forth in paragraphs 1 through 24 as if fully rewritten herein and further state as follows:

26. At all times relevant hereto, the Plaintiff Jo Ellen Passanante was married to Plaintiff Steven Passanante. As a direct and proximate result of the Defendants' failure to manufacture and design the product in compliance with Ohio Revised Code § 2307.73 through 2307.77, and as a direct and proximate result of Defendants' negligence and failure to exercise ordinary care in the sale, design, construction, assembly, and marketing of the Blender as described herein above, the Plaintiff Jo Ellen Passanante has suffered and will suffer the loss of care and companionship of her husband and has been required to provide services to him and their family that otherwise would not have been required but for the accident described above.

27. Therefore, Plaintiffs state that the Plaintiff Jo Ellen Passanante has suffered and will suffer a loss of consortium and services as described above and as a direct and proximate result of the actions of the Defendants as alleged herein.

## FIFTH CAUSE OF ACTION

28. Plaintiffs hereby fully restate and aver the matters set forth in paragraphs 1 through 27 as if fully rewritten herein and further state as follows:

29. All Defendants as either manufacturers or suppliers as designated under Ohio Revised Code § 2307.71 are liable to Plaintiff Steven Passanante for punitive or exemplary damages pursuant to Ohio Revised Code § 2307.80 for the following reasons:

9

a. The harm for which Plaintiff Steven Passanante is entitled to recover compensatory damages in accordance with Ohio Revised Code § 2307.73 or § 2307.78 is the result of misconduct of the Defendants that manifests a flagrant disregard of the safety of persons who might be harmed by the product in question.

b. Defendants have knowingly placed a product into the consumer marketplace knowing that it will and has caused numerous and substantial injuries to consumers such as the Plaintiff Steven Passanante and have failed to either remove the product from the marketplace or implement safety features that will ensure safe use of the product.

30. Due to Defendants' failure as stated above, Plaintiff Steven Passanante is entitled punitive or exemplary damages.

WHEREFORE, Plaintiffs respectfully demand judgment against the Defendants jointly and severally as follows:

FIRST CLAIM FOR RELIEF: Plaintiff Steven Passanante demands judgment against the Defendants Euro-Pro and John Doe Manufacturer, jointly and severally, in the sum of $250,000.00.

SECOND CLAIM FOR RELIEF: Plaintiff Steven Passanante demands judgment against the Defendants Euro-Pro and John Doe Manufacturer, jointly and severally, in the sum of $250,000.00.

THIRD CLAIM FOR RELIEF: Plaintiff Steven Passanante demands judgment against the Defendant Target Corporation in the sum of $250,000.00.

FOURTH CLAIM FOR RELIEF: Plaintiff Jo Ellen Passanante demands judgment against all Defendants, jointly and severally, in the sum of $10,000.00.

FIFTH CLAIM FOR RELIEF: Plaintiff Steven Passanante demands judgment against all Defendants, jointly and severally, consistent with that amount which may be determined and limited by Ohio Revised Code § 2317.21, in a sum not to exceed $500,000.00.

In addition, on all claims stated above, Plaintiffs demand attorney fees, court costs and the costs expended by them in the pursuit of this action.

Respectfully submitted,

_____
Brian J. Hoch
Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs request a jury trial as to all claims stated above.

_____
Brian J. Hoch
Attorney for Plaintiffs